In the Matter of the Claim of JOSEF TISKAVAGE, Respondent, against TIFFT CONSTRUCTION COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and carrier from awards in favor of claimant. Claimant's injuries were received on November 20, 1925, resulting in a hernia for which compensation was paid until July 11, 1928, at which time the case was closed. The case was reopened in May, 1932, and closed without prejudice and a determination was made on May 26, 1932, by which the case was " closed without prejudice on previous award. Claimant to be fitted with proper support and same to be maintained from time to time as necessary." At the hearing on May 25, 1932, upon which said determination was based, the referee stated: " Case is closed without prejudice, carrier being directed to furnish the claimant under the care of a competent surgeon with this supporting belt." The referee also stated: " And with observation for a reasonable period of time * *. *, necessarily, claimant must go back when the matter affects him to the same physician." The question presented is whether by this determination the case was still pending on April 24, 1933, permitting an award against the employer and carrier, or whether it was a closed case, requiring the award to be made against the special fund specified by section 25-a of the Workmen's Compensation Law. The court holds that by the determination of the Board made on May 25, 1932, the matter remained an open and pending case, and was thus pending on May 24, 1933. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of FRIEDA KNORR, Appellant, against GENERAL BAKING COMPANY and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the claimant from a decision of the Industrial Board denying an award for death benefits. Deceased employee was employed as a salesman delivering bread. He died as a result of an infection claimed to have resulted from a cut upon the knuckle of his left index finger. Claimant, his widow, produced evidence to the effect that deceased stated that he cut his finger on a bread basket while delivering bread. She also produced testimony of certain witnesses who testified to seeing a cut upon the finger of deceased. Award of death benefits was denied upon the ground that the hearsay declarations of the deceased were not sufficiently corroborated. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.