In the Matter of the Claim of HUBERT J. LANFIELD, Respondent, against E. W. CADY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for permanent total disability. Claimant was injured February 19, 1927. Awards amounting to $1,793 were paid to February 1, 1929, and subsequently on May 29, 1929, by agreement with the carrier and approval of the Board he was paid a lump sum of $4,000 in full settlement of the injury and the case was closed. Thereafter on February 23, 1932, claimant wrote to the Board: " I wish to reopen my case as I am having more trouble with my hip." In reply he was advised by the Board: " if there is only a question of medical attention needed, you may request same of your employer at the time of your accident. If you are disabled from work because of your accident of Feb. 19, 1927, there is nothing we can do at the present time inasmuch as you were granted a lump sum settlement of $4,000 on May 29, 1929, and this amount will not expire for several months." On March 14, 1932, the claimant wrote to the Department stating: " I am in Olean General Hospital waiting for treatments and would like to know just when the time expires on my settlement of May 29, 1929." In reply he was advised from the Board that the date

of the expiration of the lump sum settlement "is about February 14, 1934. However, we are in receipt of an 'Attending Physician's Supplemental Report' signed by Dr. Raymond B. Morris and your case will be referred to the Chairman of the Industrial Board for consideration of the same." On April 30, 1932, a letter was written in behalf of the Board to claimant, stating: "We are in receipt of a sworn report signed by Dr. Morris submitted in support of your application for a reopening of your case. The record indicates that a lump sum settlement was made in your case in the amount of $4,000. Considering the compensation rate of $15.39, this settlement would not expire until February 14, 1934, at which time you may renew your application if your condition has grown worse. Under the circumstances, further action by the Board at this time is not indicated and the case must remain closed." On October 13, 1932, the matter came before a referee who stated: "The man comes up on crutches. It says 'for consideration of payment of Olean General Hospital bill,' $115.60 — how about it?" The carrier's representative replied: "We don't assume that bill. We do not know whether this man's present complaints are due to this accident or not." And at the next hearing, November 10, 1932, the referee asked the carrier's representative: "Do you admit liability in this case?" And the representative stated: "No, sir, there is not any disability, it is a question of hospital bill, as I understand, and Dr. Morris' bill for services." At a hearing on March 22, 1934, claimant testified that he had made no application for reopening other than those above referred to. The appellants at this hearing raised the question as to the jurisdiction of the referee under section 25-a of the Workmen's Compensation Law, that the case had not been reopened by the Board. At the close of the hearing the matter was referred to the Chairman of the Board as to whether or not it should be placed on the calendar for consideration under section 25-a. The case was later returned to the referee with the statement that the case had been reopened and properly so on October 13, 1932, and with instructions to the referee that any award made should be against the appellants. Thereupon, after further testimony, the award for further compensation which is now appealed from was made. Said section 25-a provides, among other things, that in case of a lapse of seven years from the date of injury, and also a lapse of three years from the date of the last payment of compensation, any award if made, shall be against the special fund provided by said section. It also recites: "The provisions of this section shall not apply to any open case pending before the Industrial Board on April 24, 1933, nor to any closed case in which an application for reopening was received prior to such date." Appellants claim that the proceeding was not a pending case on the part of the claimants on April 24, 1933. The case, however, previously had been taken under advisement by the Board as to the matter of claimant's hospital bill and doctor's bill, and had been referred to a referee for hearings thereon. In *Matter of Tiskavage* v. *Tifft Construction Co.* (243 App. Div. 828) the proceeding had been closed May 26, 1932, with direction that claimant in that case was to be fitted with a truss which was to be maintained from time to time as necessary. This court held that such direction to provide medical attention had the effect of keeping the case an open and pending one which excepted it from the operation of said section 25-a. The appellants also assert that the amendment of said section 25-a (Laws of 1935, chap. 482, effective April 25, 1935) does not apply in this case. The amendment is ,to the effect "That where the

case is disposed of by payment of a lump sum the date of last payment for the purpose of this section shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate the employee earnings would warrant." Appellants say that this amendment if construed as being retroactive as applying to the instant case, would be unconstitutional as transferring a fixed liability from the special fund to the appellants, who had previously been relieved therefrom. It is unnecessary for the court now to decide that question, in view of the fact that the case had been reopened and was pending on April 24, 1933. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.